UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-260-FDW

| | |
|---|---|
| QUANTEZ EVERETT, )<br>)<br>       **Plaintiff,** )<br>)<br>vs. )<br>)<br>FNU VANDERVELDE, et al., )<br>)<br>       **Defendants.** )<br>_____)| **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 7).

**I.    BACKGROUND**

*Pro se* Plaintiff filed a civil rights suit pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Marion Correctional Institution.[1] Plaintiff names as Defendants Correctional Officers Vandervelde and Kalinowski, and Sergeant Brown. Construing the Complaint liberally and accepting the allegations as true, Officer Vandervelde was escorting Plaintiff back to his cell from the shower on the night of July 21, 2017, when Plaintiff noticed his blanket on the floor outside his cell. Plaintiff tried to kick the blanket into the cell and Vandervelde "snatched" him with excessive force for no reason and with no warning. Vandervelde then shoved Plaintiff into his cell with such force that Plaintiff stumbled against the table in the cell. Plaintiff approached the door to get his cuffs removed and Vandervelde was overly aggressive by twisting Plainitiff's hand, snatching his hand through the trap, and dropping his weight on it, saying "come here bitch,

---

[1] Plaintiff phoned the Court on December 4, 2017, to say that he is no longer in custody. He was instructed to file a Notice of Change of Address, which he has failed to do. Plaintiff is cautioned that his failure to keep the Court apprised of his current address may result in dismissal of this action for failure to prosecute.

1

give me your arm boy." (Doc. No. 1 at 3). Plaintiff noticed his arm swelling a little later and declared a medical emergency which Sergeant Brown denied, telling him to put in a sick call. Plaintiff already had pins in his arm from a previous break which made him unable to lift anything heavy. Medical never took precautions when Plaintiff complained of pain and suffering. After that incident, Plaintiff was harassed by Officer Kalinowski on two occasions. Plaintiff wants an investigation of retaliation after the fact. Plaintiff was also denied his rights to an incident report twice by Sergeant Brown.

Plaintiff seeks damages for pain and suffering and for having the chance for a hard-working career taken from him.

## II.    STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

2

(1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Excessive Force**

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. See Hudson v. McMillian, 503 U.S. 1, 1 (1992).

A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Hudson, 503 U.S. at 5, and must result in the denial of "the minimal

3

civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The second requirement is that a prison official must have a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297, 302-03; Hudson, 503 U.S. at 5, 8. "[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." Hudson, 503 U.S. 1, 4 (1992); see Wilkins v. Gaddy, 559 U.S. 34 (2010). The "core judicial inquiry," is not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated ... whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Hudson, 503 U.S. at 9, 13–14.

Plaintiff's allegation that Officer Vandervelde twisted his arm, pulled it through the cell door's trap, then pushed his body weight down onto it while insulting him, resulting in pain and swelling, sufficiently states a claim for excessive force. Therefore, this claim will be permitted to proceed.

**(2)** **Deliberate Indifference**

As the Supreme Court has explained, "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted).

The deliberate indifference standard has two components. The plaintiff must show that he

4

had serious medical needs, which is an objective inquiry, and that the defendant acted with deliberate indifference to those needs, which is a subjective inquiry. See Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. at 241 (internal quotation marks omitted). A mere delay or interference with treatment can be sufficient to constitute a violation of the Eighth Amendment. Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009). However, allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998).

It appears that Plaintiff is attempting to state a claim against Sergeant Brown for deliberate indifference to a serious medical need by denying his declaration of a medical emergency and telling him to put in a sick call request. Plaintiff fails to explain how Sergeant Brown, a non-medical employee, knew that swelling in Plaintiff's arm presented an excessive risk to Plaintiff's health or safety such that it required emergency medical treatment rather than standard treatment through the prison's sick call process. Nor does he adequately allege that Sergeant Brown intentionally disregarded an excessive risk to his health or safety by telling him to follow the sick call procedure. To the extent that Plaintiff alleges that unnamed members of the medical department failed to adequately treat his arm, this claim is facially insufficient because Plaintiff fails to identify the medical personnel at issue or describe their actions with any specificity.

5

Therefore, Plaintiff has failed to state a facially sufficient claim of medical deliberate indifference and this claim is dismissed.

**(3)** **Retaliation**

Prison officials may not retaliate against an inmate for exercising a constitutional right. See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). To succeed on such a claim, a plaintiff must first allege that "the retaliatory act was taken in response to the exercise of a constitutionally protected right...." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Thereafter, a plaintiff must demonstrate that he suffered some adverse impact or actual injury. See American Civil Liberties Union of Maryland, Inc. v. Wicomico County, 999 F.2d 780, 785 (4th Cir. 1993) (citing Huang v. Board of Governors of Univ. of North Carolina, 902 F.2d 1134, 1140 (4th Cir. 1990)). In addition, a plaintiff must come forward with specific evidence "establish[ing] that but for the retaliatory motive the complained of incident[s] ... would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir.1995); accord Ponchik v. Bogan, 929 F.2d 419, 420 (8th Cir.1991) (plaintiff must show that action would not have occurred "but for" the alleged reprisal); Collinson v. Gott, 895 F.2d 994, 1002 (4th Cir. 1990) (Phillips, J., concurring); McDonald v. Hall, 610 F.2d 16, 18–19 (1st Cir. 1979). In the prison context, such claims are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Adams, 40 F.3d at 74.

Plaintiff appears to allege that Sergeant Brown retaliated against him by denying incident reports on two occasions and that Officer Kalinowski harassed him twice. He seeks investigation of these allegedly retaliatory incidents.

Plaintiff has failed to sufficiently allege that either Brown or Kalinowski took retaliatory

actions in response to Plaintiff's exercise of a constitutionally protected right, or that Plaintiff suffered any adverse impact or actual injury as a result.

Therefore, Plaintiff's retaliation claim is facially insufficient and will be dismissed.

**(4)** **Due Process**

The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV. The first inquiry in any due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty that was accomplished by state action. Tigrett v. The Rector and Visitors of the Univ. of Va., 290 F.3d 620, 628 (4th Cir. 2002); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988). "Unless there has been a 'deprivation' by 'state action,' the question of what process is required and whether any provided could be adequate in the particular factual context is irrelevant, for the constitutional right to 'due process' is simply not implicated." Stone, 855 F.2d at 172.

Plaintiff appears to allege that the Defendants violated his rights for refusing to investigate his allegations of harassment and retaliation. However, he has no constitutional right to an investigation into the Defendants' allegedly retaliatory actions. See generally DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.")); see, e.g., Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002) (arrestee had no constitutional right to internal investigation of excessive force claim); Savage v. County of Stafford, Va., 754 F.Supp.2d 809 (E.D. Va. 2010) (deputy sheriff's alleged failure to document and investigate arrestee's alibi did not violate due process).

Therefore, to the extent Plaintiff attempts to assert a due process claim, it is facially insufficient and will be dismissed.

**IV. CONCLUSION**

For the reasons stated herein, the claim against Defendant Vandervelde for the use of excessive force is sufficient to proceed. The remaining claims fail to pass initial review and are dismissed as facially insufficient pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and are dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's claim that Defendant Vandervelde used excessive force survives initial review.

2. The remaining claims are facially insufficient and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk of Court is instructed to terminate FNU Brown and FNU Kalinowski as Defendants in this action.

4. **IT IS FURTHER ORDERED THAT** the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendant **Vandervelde** who is a current or former employee of NC DPS.

Signed: August 13, 2018

Frank D. Whitney
Chief United States District Judge